UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN A WARMAN,<br><br>                       Plaintiff,<br><br>              -against-<br><br>GOOGLE LLC; OFFICE OF SPECIAL AFFAIRS<br>(OSA); VANGUARD SIGNAL MANAGEMENT;<br>GAVIN POTTER; LINDA HAMEL,<br><br>                     Defendants. | 26-CV-1195 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated April 7, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires

a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against Google LLC, for which Plaintiff provides a

Wilmington, Delaware, address; the "Office of Special Affairs" of the Church of Scientology,

located in Los Angeles, California; Vanguard Signal Management, located in Cheyenne,

Wyoming; Gavin Potter of Los Angeles, California; and Linda Hamel, for whom Plaintiff does

not provide an address. Plaintiff alleges,[1]

> Beginning on January 12, 2011 and continuing for 5,479 consecutive days, the
> Defendants initiated and maintained an unauthorized electronic attachment known
> as the curator protocol. The attachment consisted of a 14.2 GHz (later 14.45 GHz)
> microwave carrier wave locked to the Plaintiff's physical person with a variance
> of 0.08 meters (approximately 3 inches). This sub-decimeter precision was
> achieved through a Terrestrial Bridge provided by Defendant Google LLC, which
> utilized real time BGDS corrections to suppres[s] atmospheric signal drift. On
> January 16 2026 Defendant Gavin Potter, acting with knowledge of pending
> litigation, executed a frequency Hop to 14.45 GHz in an atte[m]pt to spoliate the
> forensic evidence of the 14.2 GHz primary signal.

(ECF 1, at 5.)

Plaintiff further asserts that the "maintenance of a 0.08m variance" constitutes an

"intentional trespass" to his person, and that "[a]t this range the electronic signal is not merely

observing the plaintiff but is physically attached to the plaintiff's geospatial coordinates,

vibrat[]ing through residential structures via Pulse-Width Modulation (PWM) injected by the

Gap-filler nodes operated by Defendant Vanguard Signal Management." (*Id.* at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

As a result of Defendants' actions, Plaintiff has suffered a "total loss of seclusion" and a "conversion of his geospatial property into a proprietary data stream" for Defendants to profit from and to inflict emotional harm on Plaintiff as "governed by the Hamel Directives which mandated an unbroken signal lock with a maximum failure window of only 120 seconds." (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

### A. Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that Defendants have attached a "microwave carrier wave" to his body and have used that device to "spoliate" evidence and profit from his "geospatial property." A "[p]laintiff's beliefs—however he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at

*18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that Defendants have violated his rights using microwaves and electronic signals. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with a narrative full of details of what he believes. Despite the details provided, however, Plaintiff has pleaded no factual predicate in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.** **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:  April 8, 2026
    New York, New York

_____
    LOUIS L. STANTON
    U.S.D.J.